IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| WESTERN STAR HOSPITAL AUTHORITY INC., INC., d/b/a METRO HEALTH EMS, | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | MEMORANDUM OF LAW |
| CITY OF RICHMOND, VIRGINIA, and UNITED STATES DEPARTMENT OF VETERAN AFFAIRS | |

### INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order (TRO) and Preliminary Injunction (Prelim. Inj.) against Defendants City of Richmond, hereinafter the City, and Department of Veteran Affairs, hereinafter V. A., pursuant to Rule 65 of the Federal Rules of Civil Procedure.

### I. FACTUAL AND PROCEDURAL HISTORY

That on or about May 20, 2018 the Plaintiff submitted a bid to provide EMS Ambulance transportation for basic life support and advance life support service to the U.S. Department of Veteran Affairs, (McGuire Veteran Medical Center) (hereinafter V.A.) located within the municipal boundaries of Richmond, Virginia. The Plaintiff was notified by the contracting officer that Metro Health EMS was a successful bidder to provide the EMS transport services to V.A. on or about June 2018.

That after being notified of this award, the Contracting official thereafter informed the Plaintiff that the City of Richmond had an ordinance which had prevented others from bidding or

from successfully providing EMS transportation services to Defendant V.A. The Contracting officer for V.A., (named Cleveland Wynne herein Mr. Wynne), advised the Plaintiff to resolve the ordinance issue with the Defendant to avoid any potential interruption in services. At that time the City of Richmond's EMS Ambulance Transport System had been providing EMS transport services to the V.A. hospital at its McGuire Veterans Hospital Center. They loss the contract to provide EMS Ambulance Transport Service to this Plaintiff.

That during the month of May 2018, and thereafter, the Plaintiff, through its COO, B. Lamont Doyle, hereinafter Mr. Doyle, spoke with numerous officials and department heads in the City government for the Defendant, City of Richmond, hereinafter the City. Mr. Doyle informed the City Officials and Department heads that Metro Health EMS had prevailed on an EMS Ambulance transportation contract to provide EMS transportation services to the Defendant, V.A.  Mr. Doyle discussed with several City officials about possibility of there not being a need for a franchise or permit because the services the Plaintiff would be performing would be transporting only to the Federal government. Mr. Doyle discussed with several officials in both the Clerk of Council's Office as well as the Chief Administrator's Office about the need for a simple letter acknowledging that they would be transporting federal patients from the Veteran's Hospital, and that a franchise or permit may not needed. Mr. Doyle sought this letter to satisfy the Contracting officer, Mr. Wynne. Metro Health EMS was attempting a gain the same rights and acknowledgment given to the State Hospital EMS transport providers. That after an initial meeting with the City officials, the Mr. Doyle was informed that someone would be contacting them in a couple of days. That after a week and a half had passed Mr. Doyle again contacted the City via telephonic communication, and thereafter in person because no one had return his calls nor discussed who was responsible and in charge of the matter. That Mr. Doyle

attempted to discuss the matter with office clerks, different department heads, to include but not limited to, the Chief Administrator's Office, the police department heads and the Chief of Fire Department and eventually the city attorneys, all to no avail. Mr. Doyle thereafter contacted several council members and the mayor's office via e-mail. Mr. Doyle received general e-mail responses with none addressing a resolution to the matter.

Metro Health EMS contacted an attorney to communicate with the City officials. Those communications did not resolve the matter.

That in latter part of August 2018, a set of criteria was prepared in order to apply for a franchise or permit. These criteria were placed on the website for the City Fire Department. To this date those criteria had not been officially adopted by the City council during any official meeting. A review of the website demonstrated that an in-depth criteria was created. The City does not regulate or license EMS Ambulance Services. Those are function of the Commonwealth of Virginia. The Plaintiff obtained its license to operate EMS Ambulance transport service from the Commonwealth of Virginia.

The Plaintiff has not earned any money from this contract since prevailing on the June 2018 bid. That the Defendant, V.A. has not paid Metro Health EMS for its losses due to the city's failure to grant a franchise or permit.. The Plaintiff now alleges that it has suffered an irreparable loss and will suffer future losses.

The Plaintiff now asserts that it likely to prevail on this action because it has a legal contract with the Federal Government, and the City is improperly controlling the process for which other competitors, including this Plaintiff, can compete within the boundaries of the city of Richmond for business, and more particular for Federal business.. The Defendant, the City, has no reason for its conduct and could not prevail in this action.

Neither the City nor the V.A. will suffer any legitimate losses if the TRO and Temporary Injunction is granted. Lastly, the Plaintiff's prevailing bid has, and will result in the public interest being maintained and restored in this matter. Further, a TRO and Temporary injunction will ensure the public interest toward competitive trade for services and labor in pricing for public contracts, and more particularly a saving to the Department of Veteran Affairs as a result of competitive bidding.

## II.     LEGAL STANDARDS

Rule 65 of the Federal Rules of Civil Procedures (FRCP) provides for the issuance of TRO and Prelim Inj., to prevent harm or damages to one or more party(ies) to an action before the Court. These remedies differs each from the other as follow: A Prelim Inj, requires that adequate notice be given while a TRO does not require notice. A prelim Inj. is for an indefinite period of time, and a TRO is limited up to a 14 days period. See FRCP 65 (a) and (b). **U.S. Dep't of labor v. Wolf Run Mining Co.,** 452 F.3rd 275, 281 n.1 (4th Circuit 2006). However, the legal standards for issuing both TRO & Prelim Inj., are the same. " A Plaintiff seeking Prelim. Inj. must establish that he is likely to prevail on the merits, that he is likely to suffer irreparable harm in the absence of Preliminary Relief; further, that the balance of equities tips in favor of the movant, and that an injunction is in the public interest" **Winter v. National Res. Def. Council, Inc.,** 129 S. Ct. 365 374 (2008); **Real Truth About Obama v. Federal Election Commission,** 575 F. 3rd 342 347 (4th Cir. 2009) (indicating that the Winter standard govern preliminary injunction proceedings in the Court of Appeals for the Fourth Circuit as well as all other Federal Courts).

### III.     DISCUSSION

In support of a motion for TRO and Prelim. Inj. this Plaintiff alleges that it is likely to succeed on the merits by showing that Defendants enacted an ordinance governing the use of EMS ambulance transport services. **See City of Richmond's Article IV Sections 10-78 and 10-79**, regarding EMS Ambulance transportation without a franchise or permit. Further, that the City of Richmond failed to enact a standard/criteria for applying for a franchise or permit. The City acknowledges this in its emails. **See Verified Comp. ¶¶ 29, 30, 32 and 33. See also, e-mails from Chelsi Bennett dated July 31, 2018, August 7, 2018 to Councilwomen K. Gray, August 13, 2018 to attorney Eleazer Carter**. (**See 12 pages of E-mails attached as Exhibit A**) Further, the Plaintiff asserts that it would suffer irreparable harm based on the permanent loss of income from its contractual bid to transport the patients of the V.A. The Plaintiff also alleges that a balance of the equities weighs greatly in favor of the Plaintiff. Lastly, the Plaintiff alleges that the public interest warrants protecting the rights of the Plaintiff. **See the Doyle Aff. at page 5, ¶ 20**.

**A. Likelihood of Success on the Merits**

A Plaintiff must make a clear showing that it will likely succeed on the merits at trial before a Court can issue a preliminary injunction in its favor. **Winter v. National Res. Def. Council, Inc.**, 129 S. Ct. 365 376 (2008) **Real Truth About Obama v. Federal Election Commission,** 575 F. 3rd 342 347 (4th Cir. 2009). The right to bid on government contract to provide services to the Federal government is a well settled right open to all citizens of the United States. The bidding process was open to the public and the Plaintiff and Defendant, City of Richmond, were two of the entities that submitted a bid to provide EMS ambulance services to the Defendant V.A. The bidding process resulted in the Plaintiff being the

5

successful bidder. The Defendant did not contest the award to the Plaintiff as it has a right to contest the same if there were legitimate concerns. The Plaintiff operate other EMS ambulance service for the Department of Veteran Affairs in several States about the United States. **See Verified Complaint Page 2, ₱ 4**. The Plaintiff has been licensed by the Commonwealth of Virginia to operate and provide EMS ambulance services anywhere in the Commonwealth of Virginia. **See Verified Complaint Page 2, ₱ 4.**

### B. Irreparable Harm

The Supreme Court of the United States in the Winter case has indicated that a Plaintiff seeking preliminary relief must demonstrate that irreparable harm is likely in the absence of the requested relief. The Plaintiff alleges that it has suffered and will continue to suffer a permanent loss of income as a result of not being allow to perform the services it had contracted with the Defendant V.A. and any other potential contract(s) for EMS medical service within the City of Richmond. Further, the Plaintiff will suffer a loss of reputation due to the City of Richmond preventing the Plaintiff from providing its professional services without a due process determination. The Plaintiff contract with Defendant V.A. for a four (4) years period for a total dollar amount of $5,630,448.00 dollars at $1,407,612 dollars per year. The Defendant would the beneficiary of the contract if a TRO and Preliminary Injunction is not granted. "When the Failure to grant preliminary relief creates the possibility of permanent loss of customers to a competitor or loss of goodwill, the irreparable injury prong is satisfied". **Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.**, 22 F.3rd, 546,552 (4th Cir.1994); **Merrill Lynch, Pierce, Fenner and Smith v. Bradley,** 756 F. 2d 1048, 1055 (4th Cir. 1985).

C.  **Balance of Equities**

      A Plaintiff must demonstrate that the balance of equities favors the Plaintiff. See, Winter, 129 S. Ct at 376. The Plaintiff here asserts that the balance of equities favors the Plaintiff because the reputation and history of conduct of the Defendant, City of Richmond throughout this matter. The City created these ordinances with no apparent intent and or gross neglect as to granting any franchise or permit. The City never created any standards, procedures or criteria for reviewing and or offering or awarding franchise or permit to potential applicants. The Plaintiff simply attempted to follow the ordinance by requesting a franchise or permit with no standards to follow. But for the conduct of the City of Richmond, the Plaintiff most probable would have been servicing its contract with the V.A.

D.  **Public Interest**

Finally, Plaintiff must establish that preliminary relief would be in the public interest. See Winter, 129 S. Ct at 376. In asserting that the public interest would be served by granting this preliminary relief because the Fourteenth Amendment of the United States Constitution prevents [states] governments from making and or enforcing laws that abridge the privileges of citizens of the United States. Further, this amendment prevent a government from making and enforcing laws that hinders a person liberty and or property without due process. The public interest would be served by not allowing the City of Richmond to make and enforce new rules against a persons or entities presently attempting to follow the Defendant's ordinance in obtaining a franchise or permit. The public interest would be served by preventing the City from abridging the right and privileges of private citizens and entities from entering into contracts with the federal

government. The Public interest here would be best served by preventing the City of Richmond from making ad enforcing any law that impairs a contractual obligation between a private citizen and or entity and the federal government.

### IV.     CONCLUSION

This matter arise because of rights and privileges of citizens of the United States, and in this case those of this Plaintiff. The rights here involves the right to enter into a contract and the right to follow laws in existent, and not be subject to ex post facto laws which would abridge a person's right and privileges.

Plaintiff's motion for TRO should be granted. The Motion for Preliminary Injunction should be reserved for consideration pending a hearing in this Court, should the Defendants choose to proceed.

ALEX TAYLOR LAW, PLC

   /s/ Alexander L. Taylor
Alexander L. Taylor, Esquire
Attorney for the Plaintiff
1622 West Main Street
Richmond, Virginia 23426
alextaylor@alextaylor law.com
Tel.: 804-239-9232

September 24, 2018                     Fax.: 866-446-6167

THE CARTER LAW FIRM
Eleazer R. Carter, Esquire
105 South Brooks Street
Post Office Box 187
Manning, South Carolina 29102
South Carolina Bar: No. 012032
U. S. District Court Id No.: 5086

e-mail: eleazercarter@aol.com:
Tel. No.: 803-435-0550
Fax No.: 803-435-0551