IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

WESTERN STAR HOSPITAL
AUTHORITY INC.,
INC., d/b/a METRO HEALTH
EMS,

                  **Plaintiff,**

v.

CITY OF RICHMOND, VIRGINIA,
and UNITED STATES
DEPARTMENT OF VETERAN
AFFAIRS

CIVIL ACTION NO.:


**Affidavit of
B. Lamont Doyle**

The undersigned being duly sworn and deposes affirm as follow:

1. That I, B. Lamont Doyle, am employed as the Chief Operating Officer of Western Star Hospital Authority Inc., d/b/a Metro Health EMS, hereinafter Metro Health EMS.

2. That as the Chief Operating Officer for Metro Health EMS, I am responsible for the day to day activities of the company, including but not limited to the financial intake of income and distribution of funds.

3. That on or about May 20, 2018 we submitted a bid to provide EMS Ambulance transportation for basic life support and advance life support service to the U.S. Department of Veteran Affairs, (McGuire Veteran

Medical Center) (hereinafter V.A. That on or about June 2018 we were notified that Metro Health EMS was a successful bidder for these services.

4. That after being notified of this award, the Contracting official thereafter notified the undersigned in late June 2018, that the City of Richmond had an ordinance which had prevent others from bidding on or from successfully providing EMS transportation services in the past since 1993. The Contracting officer for V.A., (named Cleveland Wynne), made it known that Metro Health EMS would not be able to commence its contract until after the ordinance issue was resolved.

5. That during the month of May 2018, and thereafter, I spoke with numerous officials and department heads in the City government for the Defendant, City of Richmond, hereinafter the City.

6. That I informed the City Officials and Department heads that Metro Health EMS had prevailed on a bidding Contract to provide EMS transportation services with the Defendant, V.A. Some of the City officials and I discussed that perhaps there was no need for a franchise or permit because the services we were going to be performing were EMS transportation only to the Federal government.

7. I discussed with several officials in both the Clerk of Council's Office as well as the Chief Administrator's Office about the need for a simple letter

acknowledging that we would be transporting federal patient from the Veteran's Hospital, and that a franchise or permit may not needed. We at Metro Health EMS, were only asking for the same respect and acknowledgment given to the State Hospital EMS transports.

8. That after our initial meeting with the City officials, they advised that someone would be contacting me in a couple of days. That after a week and a half I again contact the City by telephonic communication, and thereafter in person because no one would thereafter return my calls nor discussed who was responsible and in charge of the matter.

9. That we attempted to discuss this matter with all office clerks, different department heads, to include but not limited to, the Chief Administrator's Office, the police department heads and the Chief of Fire Department and eventually the city attorneys, all to no avail.

10. We thereafter attempted to discuss the matter with the council members and the mayor via e-mail. While we received general e-mail responses, no relief was provided.

11. On behalf of Metro Health EMS, we contacted attorney to communicate with the City officials, and those communications did not result in any responses on behalf of the City.

12. That in late August 2018, I was notified that the City, via the Chief Administrative office attempted to and did prepare a vague criteria for applying for a franchise or permit. These criteria were placed on the website for the City Fire Department. To this date those criteria have not been officially adopted by the City council during any official meeting. **Please see the attached Exhibit A, a proposed criteria prepared by the Chief Administrative Officer's Office.**

13. That a review of the website demonstrated that the authors of the newly created criteria in-fact drafted the criteria with the intent to preserve the City's EMS Ambulance and 911 system from private competitors. The ex post facto criteria place extremely high demands on private competitors. Also the criteria seek to obtain proprietary information about private competitors which can be used by the City and it EMS System (the Richmond Ambulance Authority), to defeat other competitors(See New Unofficial Criteria)

14. The Information requested in the criteria is information that only the State of Virginia can use for licensing purposes. The City does not license EMS Ambulance Services even within the City boundaries.

15. That as a result of the defective ordinances and proposed criteria Metro Health EMS has loss approximately $240,000.00 to $300,000.00

thousands of dollars and we continue to lose approximately more than One Hundred Thousand dollars per month.

16. That the Defendant V.A. will not pay Metro Health EMS for the losses for each month. Therefore this is an irreparable loss suffered and future losses to be suffered.

17. That we are likely to prevail on this action because it is a legal contract with the Federal Government, and the City is improperly controlling the process for which other competitors, including this Plaintiff, can compete within the boundaries of the city of Richmond.

18. The Defendant, the City, has no reason for its conduct and could not prevail in this action.

19. Neither the City nor the V.A. will suffer any legitimate losses if the TRO and Temporary Injunction is granted.

20. Lastly, our prevailing bid has, and will result in the public interest being maintain and restored in this matter. Further, a TRO and Temporary injunction will ensure the public interest toward competitive trade for services and labor in pricing for public contracts, and more particularly to

the Department of Veteran Affairs.

I SO AFFIRM!

_____

B. Lamont Doyle, COO, Affiant

Sworn to before me this

_____ day of September 2018

_____
Notary Public
My Commission Expires _____