**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **WESTERN STAR HOSPITAL AUTHORITY** ) <br>     **d/b/a METRO HEALTH EMS,** ) <br> ) <br>                    **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **CITY OF RICHMOND, VIRGINIA** ) <br> ) <br> **AND** ) <br> ) <br> **RICHMOND AMBULANCE AUTHORITY,** ) <br> ) <br>                    **Defendants.** ) | **Civil Action No.: 3:18CV647** |

**DEFENDANT CITY OF RICHMOND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

COMES NOW, Defendant, the City of Richmond ("City"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss the plaintiff's second amended complaint for failure to state a claim and in support of its motion states as follows:

**PROCEDURAL BACKGROUND**

The plaintiff filed a complaint for a temporary restraining order and temporary injunction on September 21, 2018 (ECF #1) seeking an order against the City and the Department of Veteran Affairs ("VA") to prevent these defendants from impairing the obligations of the contract between the plaintiff and the VA. Complaint, p. 11 (ECF #1). The plaintiff further requested that the Court declare ordinances, procedures and criteria created by the City a violation of the U.S. Constitution. The Court denied the plaintiff's request for injunctive relief on October 4, 2018 and granted the

1

plaintiff leave to file an amended complaint within ten (10) days. Order (ECF #23). The Court suggested to the plaintiff that it apply for a permit with the City.

The plaintiff subsequently submitted an application for a permit to operate non-emergency medical transportation in the City. The Court granted a stay on November 13, 2018 while the application was being considered by the City. Order (ECF #33). After the parties notified the Court that the permit request was denied by the City, the Court lifted the stay and granted the plaintiff leave to file an amended complaint by January 3, 2019. The Court directed the defendants to respond within fourteen (14) days from the deadline to amend. Order (ECF # 34).

On January 3, 2019, the plaintiff filed an amended complaint alleging Monopolization, 15 U.S.C. § 2 (Count I), Attempted Monopolization, 15 U.S.C. § 2 (Count II), Conspiracy to Restrain Trade and Monopolize, 15 U.S.C. § 1 and 2 (Count III), Declaratory Judgment, 28 U.S.C. § 2201; 15 U.S.C. § 26 (Count IV), violation of plaintiff's constitutional rights, 42 U.S.C. § 1983 (Count V), and violation of due process (Count VI). Amended Complaint (EFC #35). In response to the amended complaint, the defendant filed a motion to dismiss pursuant to Rule 12(b)(6).

On January 31, 2019, the Court granted the plaintiff's unopposed motion to file a second amended complaint and to set briefing schedule. Order, 01/31/19, ECF #47. On February 8, 2019 the plaintiff filed a second amended complaint along with a motion for preliminary injunction. At that time, the plaintiff added Richmond Ambulance Authority ("RAA") as a defendant. Responsive pleadings to the second amended complaint and motion for preliminary injunction are due by March 14, 2019. The City filed, along with its motion to dismiss, a brief in opposition to the motion for preliminary injunction.

In its second amended complaint, the plaintiff alleges Monopolization, 15 U.S.C. § 2 (Count I), Attempted Monopolization, 15 U.S.C. § 2 (Count II), Preemption, U.S. Const. art. VI, cl. 2 (Count III), violation of Due Process, 42 U.S.C. § 1983 (Count IV), denial of Equal Protection, 42 U.S.C. § 1983 (Count V), violation of the Contract Clause, U.S. Const. art. I, § 10 cl. 1 (Count VI), and Tortious Interference with a Contract or Business Expectancy (Count VII).

## FACTS AS PLED IN THE SECOND AMENDED COMPLAINT

The plaintiff is authorized to provide emergency and non-emergency ambulance transportation in the Commonwealth. Second Amended Complaint ("SAC")(ECF #49), ¶ 11. The plaintiff intends to provide only non-emergency transportation under its contract with the VA. *Id.* Since at least 1993, the defendants have excluded all competition in the interfacility transport market and the emergency services transport market. *Id.* at ¶ 17.

In June 2018, the plaintiff was advised by the VA that it prevailed as the best and lowest bidder to provide non-emergency transport services to the Richmond VA Medical Center. *Id.* at ¶ 18-19. The VA also advised the plaintiff that it would need to obtain a permit or letter from the City authorizing it to operate in the City. *Id.*

Lamont Doyle, the COO for the plaintiff, made several attempts to obtain a permit and was given conflicting information about whether a permit was needed and how to obtain a permit. *Id.* at ¶ 20-26. Eventually, a permit application was created which the plaintiff found to be "arbitrary, extreme and unfair." *Id.* at ¶ 27-28. The plaintiff submitted an application to operate ambulances in the City for non-emergency transport which was denied by City Council in December 2018. *Id.* at ¶ 29.

The plaintiff claims that the relevant market is the market for non-emergency interfacility transport. *Id.* at ¶ 34. The plaintiff further claims that "non-emergency interfacility transport is not a reasonable substitute for EMS transport because EMS transport requires significantly more resources, is very time-sensitive, and requires more manpower (including paramedics with specialized experience in EMS care)." *Id*. at ¶ 37.

Additionally, the plaintiff generally alleges that the City created and controls RAA. SAC, ¶ 7. The plaintiff further alleges that both defendants gained financially from the conduct in the SAC. *Id.* at ¶ 9.

## **LEGAL STANDARD**

Under Rule 12(b)(6), a court accepts all the properly pled allegations as true and construes all facts in the light most favorable to the plaintiff. *See* Fed. R. Civ. P. 12(b)(6); *Chaudhry v. Mobil Oil Corp*., 186 F.3d 502, 504 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible in its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "need not accept as true mere legal conclusions couched as factual allegations." *Assa'Ad-Faltas v. Virginia*, 738 F. Supp. 982, 985 (E.D. Va. 1989)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations omitted).

## **SUMMARY OF ARGUMENT**

The plaintiff's antitrust claims against the City, pursuant to The Sherman Antitrust Act, 15 U.S.C. § 2, (Counts I, II) should be dismissed because the City is immune from claims for both injunctive and monetary relief under the Sherman Act. *Parker v. Brown*, 317 U.S. 341, 63 S. Ct. 307 (1943). Additionally, the City cannot be held liable for monetary damages for the alleged antitrust claims pursuant to the Local Government Antitrust Act of 1984, 98 P.L. 544, 98 Stat. 2750.

The plaintiff's claim that the City's permit requirement is preempted by the Competition in Contract Act (CICA), 41 U.S.C. § 3301 (Count III) should be dismissed because the plaintiff has not pled any facts to support that the CICA exempts a government bidder or contractor from complying with local laws. The VA Contract in this case requires the plaintiff to comply with local laws including the City's permit requirement.

The plaintiff's claims under 42 U.S.C. §1983 (Count IV and V) for violations of procedural and substantive due process along with its claim for denial of equal protection should be dismissed because the plaintiff has not pled facts supporting a violation of a constitutional right. To the extent that the plaintiff's allegations raise claims for a deprivation of procedural due process or substantive due process, the allegations do not state a claim because corporations do not possess the rights alleged to have been violated. The plaintiff does not possess a constitutional right to be issued a franchise or permit triggering due process protections. Even if the plaintiff has alleged deprivation of a constitutional right, its due process and equal protection claims should still be dismissed.

The plaintiff's substantive due process claim fails because the plaintiff has not pled sufficient facts to support that the plaintiff was deprived a property interest by governmental action that was "so far out of the realm of legitimate governmental action that no process could cure the deficiency." *Sylvia Development Corp. v. Calvert County, MD.*, 48 F.3d 810, 827 (4th Cir. 1995)(discussing test for substantive due process). The alleged conduct in this case does not implicate any fundamental right and is reasonably related to the City's goal of providing quality EMS services to City residents.

The plaintiff's claim for denial of equal protection should be dismissed because the plaintiff has not alleged that the criteria and application process was applied to them in a disparate manner. The plaintiff has not pled any facts that their application was denied based on some impermissible criteria. The facts pled by the plaintiff support that the plaintiff was given greater consideration than other ambulance services that have sought a permit. SAC, ¶ 41. The plaintiff has also not alleged that the City failed to issue them a permit due to some classification that was discriminatory. The plaintiff bears the burden of showing that the City Ordinance was applied in a discriminatory manner. *Sylvia Development*, 48 F.3d at 820.

The plaintiff's claim that the City violated the Contracts Clause, U.S. Const. art. I, § 10 cl. 1 (Count VI) should be dismissed because the Contracts Clause is not applicable as the permit requirement existed at the time of its bid on the contract. *See Home Bldg. & Loan Asso. v. Blaisdell,* 290 U.S. 398, 54 S. Ct. 231 (1934). There has been no legislation by the City which resulted in the modification of a contract that was already in place. Even if the Contracts Clause were applicable, the plaintiff must demonstrate that the law constituted a substantial impairment on the contractual relationship without a legitimate public interest for the law. *See Energy Reserves Group, Inc. v.*

*Kansas Power and Light* Co., 459 U.S. 400 (1983). The plaintiff has not pled any facts supporting such a conclusion.

The plaintiff's claim under Count VII for tortious interference with a contract should also be dismissed as the plaintiff cannot have a valid business expectance to a contract that requires it to comply with local laws without first complying with the local law. The plaintiff has also not pled any facts that the City intentionally interfered with the plaintiff's contract by failing to issue a permit or franchise which is within the absolute discretion of City Council.

The plaintiff's state law claim for tortious interference must also be dismissed because the City's action denying a permit was a governmental function to further the safety and welfare of the public by ensuring adequate EMS services. *City of Virginia Beach v. Carmichael Dev. Co.*, 259 Va. 493, 527 S.E.2d 778 (2000). As the City's action constituted a governmental function, it is entitled to sovereign immunity and the plaintiff's tortious interference claim should be dismissed on those grounds.

This Court considered an identical challenge by a private ambulance company claiming antitrust violation, denial of due process, and denial of equal protection. The Court rejected the plaintiff's argument that the State statute authorizing the City to regulate the number of ambulances was limited to EMS emergency transport. *Forrest Ambulance Serv. v. Mercy Ambulance*, 952 F. Supp. 296 (1997). The plaintiff has not presented any facts or legal argument to support that the Court's prior ruling is not applicable to this case. This Court should dismiss Counts I, II, IV, and V for the same reasons previously articulated by the Court.

Other jurisdictions have also implemented similar restrictions on emergency and non-emergency medical transport. The Ninth Circuit overturned the District Court's granting of a

preliminary injunction finding state action immunity to the antitrust claims. *A1 Ambulance Serv. v. County of Monterey*, 90 F.3d 333 (9th Cir. 1996). In *Gold Cross Ambulance & Transfer v. Kansas City*, 705 F.2d 1005 (8th Cir. 1983) the court rejected an antitrust claim and § 1983 claims against Kansas City after it implemented a single provider system.

The unified EMS system implemented by the City was done consistent with its authority granted by the State legislature. The powers granted to the City make it clear that the State intended to permit the City to operate a single provider EMS system by regulating the number of ambulance vehicles within the City. The fact that the legislature did not limit the City's power to only emergency transports is clear from the plain language of the statute.

## ARGUMENT AND AUTHORITY

### A. Antitrust Claims (Count I and II).

#### 1. *Parker* State Action Immunity.

The plaintiff alleges monopolization and attempted monopolization under the Sherman Antitrust Act, 15 U.S.C. § 2. The plaintiff's antitrust claims should be dismissed because the City is entitled to state action ("*Parker*") immunity when acting under a clearly articulated state policy authorizing anticompetitive conduct. *Hallie v. Eau Claire*, 471 U.S. 34, 40 (1985). The authority to suppress competition does not need to be express, but merely a "foreseeable result" of what the statute authorizes. *Id.* at 41-42.

The plaintiff's claim that state action immunity does not apply to the City because Virginia law only gives the City authority to regulate emergency medical services and provides an exception for federal government operations is clearly incorrect based upon the plain meaning of the Virginia statutes. Va. Code § 32.1-111.14 expressly provides and authorizes the City to

regulate the number of emergency services vehicles. The statute does not limit the regulatory authority of the City based upon the type of service being provided as the plaintiff argues.

Va. Code § 32.1-111.2(2) exempts emergency medical services agencies operated by the United States Government. The plaintiff has not pled any facts or alleged that it is a medical services agency operated by the U.S. Government.

The *Parker* doctrine makes state governments immune from antitrust claims for injunctive and monetary relief. *Parker*, 317 U.S. 341. *Parker* immunity applies to a municipality when the anticompetitive activity was a "foreseeable result" of the state's grant of authority. *Hallie*, 471 U.S. at 42. *Parker* immunity is not defeated when the regulation is substantively or procedurally defective. *City of Columbia v. Omni Outdoor Advertising*, 499 U.S. 365, 371 (1991). The Supreme Court has also rejected the argument that *Parker* does not apply when political entities conspire with private actors. *Id*. at 374. In rejecting the conspiracy exception, the Supreme Court reiterated the principle that antitrust laws regulate business, not politics. *Id*. at 383.

Va. Code § 32.1-111.14(1) authorizes any county or city to enact an ordinance making it unlawful to operate any emergency medical services vehicle in the county or city without a franchise or permit. The plaintiff concedes that it desires to operate emergency services vehicles in the City. SAC, ¶ 11. Under the statute a city may limit the number of emergency vehicles operated within the city, determine and prescribe areas of franchised or permitted service, and fix reasonable charges for such services. Va. Code § 32.1-111.14. The City, acting under the express authority of the state statute, enacted Richmond City Code § 10-79 pursuant to which the City may award franchises or permits to operate emergency services vehicles within the City.

Va. Code § 32.1-111.14 grants broad authority to the City to regulate emergency services vehicles and it was foreseeable that the exercise of the authority granted to the City under the state statute would result in anticompetitive conduct. The fact that the plaintiff claims a conspiracy between the City and RAA does not defeat state action immunity as this exception to the *Parker* doctrine has been expressly rejected. *Omni*, 499 U.S. at 379. As the City is entitled to immunity from injunctive and monetary relief for the alleged Sherman antitrust violations, Counts I and II.

The Eight Circuit rejected similar claims to the claims brought by the plaintiff in this case. *Gold Cross*, 705 F.2d at 1005. An EMS provider in Kansas City challenged Kansas City's implementation of a single-operator ambulance system which provided all of the city's emergency and nonemergency service. The single provider system was adopted by Kansas City because of market incentives for providers to take the more profitable nonemergency transports over less profitable emergency transports. *Id.* at 1008. The court held that the state action doctrine protected the municipality from antitrust liability. *Id.* at 1014. *See also A-1 Ambulance Serv. v. County of Monterey*, 90 F.3d 333, (9th Cir. 1996)(reversing permanent injunction applying state action antitrust immunity).

### 2. Local Government Antitrust Act of 1984.

Even if the plaintiff could overcome state action immunity in this case, its claim for monetary damages, interest on damages, costs or attorney's fees cannot be recovered under 15 U.S.C. §15(a). Such damages may not be recovered based on any official action directed by a local government or official acting in an official capacity. Local Government Antitrust Act of 1984, 98 P.L. 544, 98 Stat. 2750 ("LGAA"). The plaintiff does not allege or present any facts to support that enacting and enforcing the City ordinances at issue in this case was not an official action by the City government. The LGAA prohibits the award of monetary damages, interest on

damages, costs and attorney's fees in this case and the plaintiff's claim for such damages should be dismissed.

### 3. Failure to Plead Sufficient Facts.

The plaintiff's antitrust claims should also be dismissed for failure to plead sufficient facts to state a claim under 15 U.S.C. § 2. The plaintiff has failed to plead sufficient facts to state a claim for actual monopolization. The elements of a monopolization violation are (1) monopoly power in the relevant market, and (2) willful maintenance of that power. *E. I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 450 (4th Cir. 2011). The plaintiff makes no allegation that the City itself provides emergency medical services in the relevant market. The RAA is "a public body and a body politic and corporate of the Commonwealth of Virginia." Richmond Ambulance Authority Act, Chapter 431 of the 1991 *Acts of Assembly*. The RAA was established to provide an essential government function by providing emergency ambulance services in the City and non-emergency service within the Commonwealth. *Id.,* Section 6(1). The RAA is a separate and distinct entity from the City.

The plaintiff's claim for attempt to monopolize also has not been sufficiently pled because the plaintiff has not pled any facts that the City's intent was to monopolize. A plaintiff must show (1) the use of anticompetitive conduct, (2) with specific intent to monopolize, and (3) a dangerous probability of success. *Kolon Indus.*, 637 F.3d at 453. The plaintiff has not pled sufficient facts that the City's intent was to monopolize. The fact that the City denied the plaintiff a permit is not evidence of intent to monopolize as this action is consistent with the City's interest in creating and maintaining a unified emergency medical services system. The City was acting pursuant to expressly authorized authority from the state legislature.

B.	Preemption, U.S. Const. Art. VI, cl. 2. (Count III).

The plaintiff fails to state a violation of the Supremacy Clause because the plaintiff has not identified any federal law that is in conflict with the City's power to award emergency medical service franchises and permits. In assessing whether there is a violation of the Supremacy Clause a court must determine whether the state law or action is preempted by the Constitution or a federal statute or regulation. *Equal Access Educ. v. Merten*, 305 F. Supp.2d 585, 601 (2004). In addition, the Supremacy Clause is not a source of substantive constitutional rights and is not actionable under §1983. Therefore, the plaintiff is not entitled to an award of attorney's fees under 42 U.S.C. § 1988.

The plaintiff in this case cannot establish that the City Ordinance requiring it to have a permit to operate within the City is preempted by federal law because the terms of the contract require the plaintiff to comply with Federal, State and local law. Federal Acquisition Regulation (FAR) § 52.212-4. The Federal government would not have required the plaintiff to comply with local laws if it intended to preempt any laws that might interfere with its bid process. The Comptroller General of the United States has previously rejected a challenge to the City's permit requirement as unreasonably restricting competition and improperly preventing the Federal Government from freely selecting its contractors. 1997 U.S. Comp. Gen. LEXIS 324.

The plaintiff's claim that the City Code is preempted by the Competition in Contract Act (CICA), 41 U.S.C. § 3301 should be dismissed as the plaintiff has not pointed to any federal law in conflict with the City Code. The plaintiff has not pled any facts or provided any of the terms of the contract with the VA to support its claim that the CICA is in conflict with the VA's contract requirements.

In ruling on a motion to dismiss, the Court may refer to "authentic documents which are referred to in the complaint and upon which the plaintiff relies in bringing the action, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Davis v. White*, 2017 U.S. Dist. LEXIS 202584, p.12, (Citing *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); see also *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006)). The terms of the VA Contract requirements are set forth in Federal Acquisition Regulation (FAR) § 52.212-4. The terms require that the contractor comply with local laws demonstrating that it was not the intent of Congress to preempt the City's permit Ordinance.

### C. 42 U.S.C. § 1983 Claims (Count IV and V).

#### 1. Procedural Due Process.

The plaintiff appears to contend that it was denied due process because the City initially did not have a process in place for applying for a permit and that the City subsequently denied its permit application. The plaintiff fails to state a claim because "a corporation simply does not have the same liberty interests as a living person." *Forrest Ambulance*, 952 F. Supp. at 303 (citing *Norfolk Fed'n of Bus. Dist. v. Dept. of Housing and Urban Development*, 932 F. Supp. 730, 738 (E.D. Va. 1996), *aff'd* 1996 U.S. App. LEXIS 30037, 1996 WL 671293 (4th Cir. 1996)(per curiam)("Corporations do not have liberty interest, period.").

The City ordinance does not deprive the plaintiff of a property interest triggering procedural due process because the City has absolute discretion in granting ambulance franchises and permits. *See Biser v. Town of Bel Air*, 991 F.2d 100, 104 (4th Cir. 1993)(holding no property interest when municipal board has discretion in granting zoning exception). "The City is endowed with absolute discretion and power as to the granting of ambulance franchises and permits, and

nobody in particular—no body at all even—has any constitutional right to be granted one." *Forrest Ambulance*, 952 F. Supp. at 304. The plaintiff cannot establish any legitimate claim of entitlement to a franchise or permit to support a procedural due process claim. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). The plaintiff has not pled any facts to support that it had any expectancy of receiving a franchise or permit based upon the language of the statute or some mutual understanding with the City. The fact that the City has only issued one (1) franchise since the early 1990s further supports that the plaintiff could not have reasonable expectation that it would be given a permit or franchise. The plaintiff's expectation that it would be awarded a franchise or permit alone is not sufficient to establish a due process claim. *Id*.

### 2. Substantive Due Process.

The plaintiff's claim that it has been denied substantive due process because the City has deprived it of freedom to contract and freedom to engage in business relationships should be dismissed. Richmond City Code § 10-79 does not infringe on any fundamental constitutional right and is designed to "promote the provision of adequate and continuing ambulance services to transport sick and injured persons in the metropolitan area in order to preserve, protect and promote the public health, safety and general welfare . . . ." *Id.* To pass scrutiny, the ordinance must accomplish an objective within the City's police power and there must be a rational relationship between the provisions in the ordinance and its purpose. *See Hughes v. Alexandria Scrap Corp.*, 426 U.S. 794, 813-814 (1976).

Substantive due process review of a legislative enactment requires a determination of whether a fundamental right has been violated. *Brown v. Transurban USA. Inc.*, 144 F. Supp. 3d 809, 840 (2015). No fundamental right is implicated in this case. "Substantive due process violations run only to state action so arbitrary and irrational, so unjustified by any circumstance or

14

government interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post deprivation remedies." *Id.* at 841. The plaintiff has not pled any evidence to support that the City's action was so arbitrary or irrational as to rise to the level of a substantive due process violation.

The Court previously rejected a similar due process challenge and found that there was no property interest in obtaining a permit, and if there were, the City's action was authorized under both state law and the federal antitrust laws. *Forrest Ambulance*, 952 F. Supp. at 305.

### 3. Equal Protection.

The plaintiff alleges that it has been denied equal protection because the City did not subject the RAA or any other provider to the criteria or application process that the plaintiff was required to follow. SAC, ¶ 91. The plaintiff claims that the process was arbitrary and a pretext to prevent the plaintiff from engaging in legitimate business. *Id.* at ¶ 92.

In order to establish a claim for discriminatory enforcement of the permit ordinance, the plaintiff must establish that (1) it was singled out and made to comply with the law while other similarly situated ambulance companies were not required to comply, and (2) that it was singled out based upon an impermissible ground. *See Gold Cross Ambulance v. City of Kansas City,* 538 F. Supp. 956, 973(citing *United States v. Larson,* 612 F.2d 1301 (8th Cir. 1980)).

The plaintiff has not pled any facts to support that it has been required to comply with the permit ordinance where other similarly situated ambulance companies were not. The plaintiff has alleged that other providers were denied a permit without any application process or other consideration. The plaintiff has not pled any facts that it was singled out based upon some

15

impermissible ground. For these reasons the plaintiff has not pled a cognizable equal protection claim.

An equal protection claim must be "rooted in an allegation of unequal treatment for similarly situated individuals, even if the product of erroneous or illegal state action, is not enough by itself to constitute a constitutional claim." *Sylvia*, 48 F. 3d at 825. Improper classification must have been a factor in the City's decision before the equal protection clause is implicated. *Id.* The plaintiff has not alleged any facts supporting that the City's action in rejecting their permit application was based upon an improper classification.

### D. Contracts Clause, U.S. Const. art. I, § 10 cl. 1. (Count VI).

A claim pursuant to "§ 1983 for the deprivation of rights secured by the Contracts Clause is limited to the discrete instances where a state has denied a citizen the opportunity to seek adjudication through the courts as to whether a constitutional impairment of a contract has occurred, or has foreclosed the imposition of an adequate remedy for an established impairment. Section 1983 provides no basis to complain of an alleged impairment in the first instance." *Crosby v. City of Gastonia*, 635 F.3d 634, 640 (4th Cir. 2011). The plaintiff has not alleged any state denial of its opportunity to seek adjudication through the courts.

A statute does not violate the Contract Clause merely because it may restrict or prohibit performance of contractual duties entered into prior to its enactment. *Exxon Corp. v. Eagerton*, 462 U.S. 176, 190 (1983)(citing *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 241-242 (1978). "One whose rights, such as they are, are subject to state restriction, cannot remove them from the power of the State by making a contract about them. The contract will carry with it the infirmity of the subject matter." *Hudson Co. v. McCarter*, 209 U.S. 349, 357 (1908).

The plaintiff alleges that the City has made changes to its regulatory scheme for the purpose of preventing Metro Health from commencing work under the contract. The plaintiff does not articulate what changes the City made to prevent Metro Health from commencing work on the contract. At the time that the plaintiff submitted a bid to the VA, City Code § 10-78 made it unlawful for an "Emergency Medical Services Vehicle" to operate in the City without a permit under certain circumstances. At the time that the plaintiff bid on the VA contract, it had not obtained or applied for a permit from the City. The plaintiff's interpretation of the Contract Clause would permit anyone to claim a constitutional deprivation merely because a statute may limit or prohibit conduct that may be the subject of a contract.

The City has not issued any franchises or permits other than to the RAA since the City awarded RAA a franchise on September 23, 1991. The plaintiff knew or should have known prior to bidding on the VA contract that it would require a permit from the City to fulfill certain parts of the contract. The VA contract requires that the plaintiff comply with all local laws. FAR § 52.212-4. The permit requirement under City Code § 10-78 is limited to transports originating in the City and terminating within the Richmond-Petersburg Metropolitan Statistical Area. See City Code § 10-78(b). The Contract Clause does not deprive states and municipalities acting as authorized by the state of their "broad power to adopt general regulatory measures without being concerned that private contracts will be impaired, or even destroyed as a result." *United States Trust Co. v. New Jersey*, 431 U.S. 1, 22 (1977).

The plaintiff has not demonstrated or pled any facts to support that there was a change in the municipal law that created a substantial impairment to the contractual relationship between the plaintiff and the VA. Even if the plaintiff could demonstrate a change in the law, the plaintiff must show that the substantial impairment does not have a legitimate public purpose. *Energy Reserves*

17

*Group v. Kan. Power & Light Co.,* 459 U.S. 400, 411-412 (1983)(citing *United States Trust Co. v. New Jersey*, 431 U.S. 1, 22 (1977). The City's ordinance advances a legitimate public interest of providing reliable EMS service. The Contract Clause is not implicated in this case because the statute at issue did not interfere with an established contractual relationship. A requirement of the contract is that the contractor comply with local law.

### E. Tortious Interference with Contract or Business Expectancy (Count VII)

Under Virginia law the elements of tortious interference with a contract are: (1) the existence of a contract or business expectancy; (2) knowledge of the relationship or expectancy by the interferer; (3) intentional interference causing breach or termination of the relationship; and (4) damage. *Durrette Bradshaw, P.C. v. MRC Consulting, L.C.*, 277 Va. 140, 145, 670 S.E.2d 704, 706 (2009) (citing *Chaves v. Johnson*, 230 Va. 117, 120 (1985)).

The plaintiff has not pled facts to support that the City intentionally interfered with its relationship with the VA. The City's regulatory scheme was in place prior to any relationship between the plaintiff and the VA. The City denied the plaintiff a permit pursuant to the regulatory powers granted by the State legislature which granted the City broad discretion to award a franchise or permit.

The plaintiff's state law claim for tortious interference must also be dismissed because the City's action denying a permit was a governmental function to further the safety and welfare of the public by ensuring adequate EMS services. *City of Virginia Beach v. Carmichael Dev. Co.*, 259 Va. 493, 527 S.E.2d 778 (2000). As the City's action constituted a governmental function, it is entitled to sovereign immunity and the plaintiff's tortious interference claim should be dismissed on those grounds.

**CONCLUSION**

The Second Amended Complaint should be dismissed in its entirety as the defendant is immune from liability for both monetary damages and injunctive relief for the antitrust claims alleged in this case. Those claims also fail because the plaintiff has not provided any factual support for the conclusory allegations that the City conspired with anyone to create a monopoly even if it was not entitled to immunity. There is no market participant exception to the Local Government Antitrust Act which provides the City with immunity from monetary damages under antitrust laws.

The plaintiff's 42 U.S.C. §§ 1983 and 1988 claims should also be dismissed. The plaintiff cannot establish that the City violated any fundamental right possessed by the plaintiff corporation. This Court, along with courts in other jurisdictions, have analyzed the single EMS provider model and found it to survive constitutional scrutiny. The fact that the City did not have in place any formal application process prior to the plaintiff's inquiry is not a violation of due process as the plaintiff cannot establish any entitlement under the City statutes to be awarded a franchise or permit.

WHREFORE, for the reasons stated herein, the City respectfully requests this Honorable Court to dismiss the second amended complaint with prejudice and grant any further relief the Court deems appropriate.

Respectfully Submitted,

/s/
Wirt P. Marks, VSB No. 36770
Assistant City Attorney
Office of the City Attorney
City of Richmond
City Hall, Room 400
900 East Broad Street
Richmond, VA 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Email: Wirt.Marks@richmondgov.com
*Counsel for the Defendant City of Richmond*

## CERTIFICATE OF SERVICE

I certify that on the 13th day of March, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/
Wirt P. Marks, VSB No. 36770
Assistant City Attorney
Office of the City Attorney
City of Richmond
City Hall, Room 400
900 East Broad Street
Richmond, Virginia 23219
Phone: (804) 646-3019
Facsimile: (804) 646-7939
*Counsel for the Defendant City of Richmond*