IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **WESTERN STAR HOSPITAL AUTHORITY** ) <br>     d/b/a **METRO HEALTH EMS,** ) <br> ) <br>                     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **CITY OF RICHMOND, VIRGINIA** ) <br> ) <br> **AND** ) <br> ) <br> **RICHMOND AMBULANCE AUTHORITY,** ) <br> ) <br>                      **Defendants.** ) | Civil Action No.: 3:18CV647 |

## CITY OF RICHMOND'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENANTS' MOTIONS TO DISMISS

COMES NOW, the City of Richmond ("City"), by counsel, and pursuant to Local Rule 7(F)(1), files its Reply to the Plaintiff's Consolidated Opposition to the Defendants' Motions to Dismiss and in support of its previously filed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) states as follows:

### I. INTRODUCTION

The plaintiff asserts that the City's Motion to Dismiss should not be granted because the Commonwealth did not plainly and clearly articulate a state policy to displace competition in the non-emergency transport market. The plaintiff further incorrectly asserts that the City, a municipality, must show active state supervision because the City is acting as an active market participant through its corporate subsidiary, RAA. This argument is based upon the faulty premise and baseless assertion that "RAA generates substantial revenue for the City." Plaintiff's Consolidated Opposition to Defendants' Motions to Dismiss ("Consolidated Opposition"), ECF

No. 69, p. 3. This argument fails because the plaintiff has not pled any facts to support its conclusory statement that the City acts as a market participant.

The plaintiff argues that the City's Motion to Dismiss should not be granted because it has pled a claim for violation of the Competition in Contracts Act, 41 U.S.C. § 3301(a)(1)("CICA"). The plaintiff ignores that it was required to comply with local law in order to be awarded the contract. The plaintiff also fails to recognize that the City's permit ordinance, City of Richmond Code § 10-78, only requires a permit for transports originating in the City and terminating in the Richmond-Petersburg Metropolitan Statistical Area. The VA certainly could use the plaintiff for all transports outside of this limited category. The fact that the bid terms requires compliance with local laws supports the defendant's argument that the local ordinance is not pre-empted by the CICA.

With regard to the alleged constitutional violations, the plaintiff concedes that the City's conduct is subject to rational basis scrutiny. Consolidated Opposition, p. 30. The City clearly acted based upon clear authority from the state for the purpose of furthering an important governmental function of providing EMS services to the citizens of Richmond. The plaintiff has not pled any facts and relies on baseless conclusory allegations that the City and RAA conspired to preserve the monopoly. The plaintiff has failed to state any factual basis for this assertion.

The plaintiff's claim that the City somehow violated the contracts clause by making changes to its regulatory scheme is not sufficient to state a claim under the contract clause. The permit requirement was in place well before the plaintiff's bid for the VA work. The City did not make any changes to the regulatory scheme that interfered with an existing contract between the plaintiff and the VA. The City did not have a process in place for applying for a permit because City Council has broad discretion and authority to award franchises and permits. Va. Code § 32.1-

111.14.  Council's authority existed well before the plaintiff sought a permit and there was no change in the law that altered a valid contract between the plaintiff and VA.  The plaintiff has been afforded more process and consideration that others seeking a franchise or permit.

Likewise, the plaintiff's claim for tortious interference must fail because the plaintiff had no right to a letter from the City or a permit.  The permit requirement was in place when the plaintiff submitted its bid as was the VA's requirement that the plaintiff comply with local law as a condition of the contract.

## II. ARGUMENT AND AUTHORITY

The plaintiff's antitrust argument fails because the City is entitled to State action immunity.  The plaintiff incorrectly claims that the State has not clearly articulated a policy that the City can regulate non-emergency operations.  The plaintiff also incorrectly asserts that the City is a market participant in support of its argument that the State action immunity should not apply.  The plaintiff has not pled any facts supporting that the City is a market participant.  The publicly available financial documents for RAA clearly show that the City pays a yearly subsidy to RAA to insure services to its citizens.  There are no allegations which support that the City is a market participant other than a conclusory allegation.

The plaintiff's claim that the State has not clearly articulated a policy to displace competition in the non-emergency transport market is plainly wrong based upon the clear language of the State statute authorizing the City to limit the number of emergency services **vehicles.** Va. Code § 32.1-111.14.  The State Legislature did not limit the powers of governing bodies of counties, cities and towns to regulate vehicles performing only emergency transport.  The statutory language is unambiguous in permitting regulation of the number of vehicles regardless of their function.  The statute also permits the City to "contract with any emergency medical services

agency for the services of its emergency medical services vehicles. This clearly supports a "state policy to displace federal antitrust law" because "displacement of competition was the inherent, logical, or ordinary result of the exercise of authority delegated by the state legislature." *FTC v. Phoebe Putney Health Sys.*, 568 U.S. 216, 229 (2012).

"When a local government acts pursuant to a clearly articulated and affirmatively expressed state policy to displace competition, it is exempt from scrutiny under the federal antitrust laws." *Id.* at 219. A municipality is entitled to immunity when it acts "pursuant to a state policy to displace competition with regulation or monopoly public service." *Lafayette v. Louisiana Power & Light Co.*, 435 U.S. 389, 413 (1978). A state legislature does not need to "expressly state in the statute or its legislative history that the legislature intends for the delegated action to have anticompetitive effects." *Hallie v. Eau Claire*, 471 U.S. 34, 43 (1985).

The plaintiff argues that the Supreme Court changed the "clear articulation" test from a "foreseeability" to a narrower standard. *Phoebe Putney* did not replace the "foreseeability" analysis previously used by the Supreme Court in its application of the "clear articulation" test. The Court explained that where displacement of competition was the "inherent, logical, or ordinary result of the authority delegated by the state legislature" that the "state must have foreseen and implicitly endorsed the anticompetitive effects…." *Phoebe Putney*, 568 U.S. at 229. Foreseeability remains as a general principle when analyzing whether the state clearly articulated anticompetitive conduct. Even if the language in *Phoebe Putney* is interpreted as a new more stringent standard, the "clear articulation" test is met in this case. *Phoebe Putney* involved a very general grant of power allowing a hospital authority general powers to acquire or lease other medical facilities. This case is drastically different as it involves specific powers to regulate EMS vehicles.

The fact that the State Legislature expressly provided that EMS vehicles with a state permit are not authorized to operate in a county or city that has enacted an ordinance pursuant to Va. Code § 32.1-111.14 is further evidence that it expected and intended counties and cities to limit EMS providers in their market even at the exclusion of other state permitted EMS vehicles. Va. Code § 32.1-111.6(D). The State Legislature did not distinguish between emergency and non-emergency transport.

Then plaintiff argues that the City is also subject to the active state supervision requirement because the City had the incentive to pursue its own interest. This argument is based on the faulty premise that the City is a market participant. The plaintiff has not pled any facts to support this assertion, nor has the plaintiff pled any facts to support its assertion that the City is "abusing regulatory authority to further its proprietary commercial interests." Consolidated Opposition, p. 9. The plaintiff claims that RAA is a wholly-owned subsidiary of the City without any factual support. There is ample evidence that is publicly available which demonstrates that this is a factually incorrect statement.

The plaintiff argues that *N.C. Dental* overrules the general rule that municipal actors are exempt from state supervision when acting in a purely regulatory capacity. Consolidated Opposition, p. 11. In *N.C Dental,* the Supreme Court held that because the controlling number of the dental board's decision makers were market participants that the board must establish state supervision for state-action immunity. *N.C. State Bd. of Dental Exam'rs v. FTC*, 135 S. Ct. 1101 (2015). *N.C. Dental* does not involve a municipality acting in a regulatory capacity. The holding recognizes that where the decision makers are market participants, as were the board member dentists, then the board must show active state supervision. The plaintiff in this case has not pled

5

any facts that any controlling decision maker for the City is a participant in the EMS market. This case is clearly inapplicable to the plaintiff's claims.

The City regulates the market to ensure that there are adequate EMS services for the City which constitutes a governmental function. The City's action to establish a single provider model was based upon clear authority delegated by the state to provide adequate EMS services to its citizens. There are no facts pled that the City was pursuing its own self-interest under the guise of implementing state policy. There are also no facts to support that the City took any action that it did not have express statutory authority to take.

The plaintiff also contends that Virginia allows cities to play a role in the statewide system to provide coordinated EMS services. The plaintiff implies that the Commonwealth only intends to regulate statewide emergency services coverage. This argument is flawed because the State Legislature did not differentiate between emergency and non-emergency transport in its permit requirements. The State Legislature clearly could have given the City the authority to require a permit for only vehicles providing emergency transport which it chose not to do.

WHEREFORE, for the reasons set forth herein and in the City's Memorandum in Support of its Motion to Dismiss, the City, by counsel, respectfully requests this Honorable Court grant its Motion to Dismiss and grant any further relief the Court deems appropriate.

Respectfully Submitted,

/s/
Wirt P. Marks, VSB #36770
Assistant City Attorney
Office of the City Attorney
City of Richmond
City Hall, Room 400
900 East Broad Street
Richmond, VA 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Wirt.Marks@richmondgov.com
*Counsel for the Defendant City of Richmond*

**CERTIFICATE OF SERVICE**

I certify that on the 18th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/
Wirt P. Marks, VSB #36770
Assistant City Attorney
Office of the City Attorney
City of Richmond
City Hall, Room 400
900 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
*Counsel for the Defendant City of Richmond*